IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DR. ROOSEVELT LITTLETON, JR.**                                      **PLAINTIFF**

V.                                              **CIVIL ACTION NO. 3:19-CV-815-HTW-FKB**

**JACKSON STATE UNIVERSITY;
BOARD OF TRUSTEES INSTITUTIONS
OF HIGHER LEARNING STATE OF
MISSISSIPPI; GWENDOLYN G,
CAPLES (official and individual capacity);
ROBIN S. PACK (official and individual
capacity); TIFFANY H. DOCKINS (official
and individual capacity); DR. DEBRA
MAYS-JACKSON (official and individual
capacity); DR. WILLIM B. BYNUM, JR.
(official and individual capacity); DR.
ALFRED RANKINS, JR. (official and
individual capacity)**                                             **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is a *Motion to Dismiss Plaintiff's Complaint* **[Docket no. 24]**, filed by the following Defendants: Jackson State University ("JSU"); Board of Trustees Institutions of Higher Learning State of Mississippi ("the IHL"); Gwendolyn G. Caples ("Caples"); Veronica M. Cohen ("Cohen"); Robin S. Pack ("Pack"); Tiffany H. Dockins ("Dockins"); Dr. Debra Mays-Jackson ("Mays-Jackson'); Dr. William B. Bynum, Jr.,("Bynum"); and Dr. Alfred Rankins, Jr. ("Rankins") (collectively, individuals Caples, Cohen, Pack, Dockins, Mays-Jackson, Bynum, and Rankins are referred to as "the Individual Defendants")[1]. The Defendants' Motion,

---

[1] Various of the defendants hold doctorate degrees, as well as the plaintiff himself. A doctorate degree is the highest academic level awarded following a course of study. This court respects that achievement and recognizes that such individuals holding doctorates are normally referred to by their title. Because so many defendants in this action hold the title of "Doctor", this court will refer to the defendants only by their last names, but in doing so, this court in no way is disrespecting their accomplishments.

filed on February 27, 2021, asks this court to dismiss Plaintiff Dr. Roosevelt Littleton, Jr.'s ("Plaintiff") Complaint[2] in its entirety.

This court has reviewed all submissions from the parties and the relevant jurisprudence and, for the reasons stated *infra*, this court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. [Docket no. 24].

## I.   BACKGROUND

Plaintiff is a 58-years old African American male, who was employed by Defendant as a Prospect Research Specialist in JSU's Department of Institutional Advancement ("DIA")[3]. Plaintiff states that he was employed by JSU in a "Staff and Non-Faculty Position" since August 2003. [Docket no. 3, p. 14].

Plaintiff contends that during his period of employment with JSU, he received no negative performance reviews. Plaintiff states further that "he had no indication that his employment was in danger." [Docket no. 3 at ¶ 22].

On January 31, 2018, Defendant Caples held a meeting with Plaintiff, during which meeting she issued Plaintiff a letter of termination. The letter of termination stated:

> This letter is to notify you of my decision to terminate your employment in the position of Prospect Research Specialist, effective March 1, 2018. However, you are being relieved of your duties immediately.

---

[2] Defendants' motion seeks dismissal of Plaintiff's "Complaint"; however, it is well-settled law than "an amended complaint renders [the original complaint] of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2.

[3] The DIA focuses on securing financial resources to support JSU's annual fund; student scholarships; and the endowment. That department also seeks to develop faculty/staff involvement while prioritizing other institutional goals and campaign initiatives. Additionally, DIA aims at strengthening alumni ties which hopefully will encourage lifetime giving by alumni to their alma matter. [Docket no. 3 at ¶ 13].

2

[Docket no. 1-2 at p. 2]. Plaintiff was advised, via Caples's letter, that he would be paid through the effective date of termination, March 1, 2018; but, Plaintiff was instructed to return "all uniforms, keys, and other property and equipment" to the Department of Development by January 13. 2018. [Docket no. 102 at p. 2].

Plaintiff alleges that, although he was given no reason for his termination, he immediately sought to initiate the grievance process provided by JSU. His grievance alleged that he had been the victim of gender and age discrimination. [Docket no. 28 at p. 1]. Plaintiff states further that he contacted IHL "concerning these matters"; but, JSU and IHL both denied Plaintiff's requests for a hearing.

Defendants defend their decision to terminate Plaintiff under Mississippi's at-will doctrine, which allows a defendant to terminate non-tenured, non-faculty employees at any time for good reason, bad reason, or no reason at all. Further, justify Defendants, Plaintiff's termination was the result of a "department restructuring" that resulted in the elimination of the position of Prospect Research Specialist.

1. *Administrative Process*

On June 4, 2018, Plaintiff filed a Charge of Discrimination ("EEOC Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC"). [Docket no. 24-4].

In the EEOC Charge section titled, "Cause of Discrimination Based On (check applicable box(es))", Plaintiff checked boxes indicating "Sex" and "Age". [Docket no. 24-4]. Plaintiff further included the following statement in support of his claims:

> On August 16, 2003, I was hired in the Department of Development in the Division of Institutional Advancement. I worked in the department until January 13, 2018. On January 31, 2018, I received written notice of my termination from my position of Prospect Research Specialist, effective March 1, 2018. However, I was immediately relieved of my duties.

3

> My immediate supervisor, Assistant Vice President, Institutional Advancement Gwendolyn Caples, and Vice President- Institutional Advancement and External Affairs Veronica M. Cohen called me into a meeting and informed me of my termination. No reason or grounds for the termination [were] given to me. After I filed a grievance to appeal my termination, on April 14, 2018, I received from Executive Director of Human Resources an email that stated that I was terminated because of organization restructuring, and that I had no grounds for a grievance hearing.
>
> I believe that Jackson State University discriminated against me based on my sex (male) in violation of Title VII[4] of the Civil Rights Act of 1964, as amended, and discriminated against me based on my age (58), in violation of the Age Discrimination Act of 1967[5] [("ADEA")], as amended. I was terminated without any due process. Around April 15, 2018, my position as Prospect Research Specialist was reclassified to Major/Annual Giving Specialist and a younger black female employee with no prospect research experience was promoted into that position. The responsibilities and duties of the two positions are the same.
>
> Additionally, another black make employee who was over 40 years of age [was] treated in the same manner. He was also terminated on January 31, 2018.

[Docket no. 24-4 at p. 1-2]. The above constituted the whole of Plaintiff's description of the events and circumstances contained within his EEOC Charge. Following an investigation, on August 21, 2019, EEOC issued to Plaintiff a Notice of Right to Sue within ninety (90) days of receipt of said Notice. The EEOC closed its file on Plaintiff's charge, stating:

> [T]he EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[Docket no. 1, p. 10].

---

[4] Title 42 U.S.C. § 2000e-2(a) provides: "[i]t shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ... ."

[5] The Age Discrimination in Employment Act of 1967 ("ADEA") protects certain applicants and employees forty (40) years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. See 29 U.S.C.A § 621.

On November 13, 2019, Plaintiff initiated the lawsuit *sub judice* within EEOC's mandated ninety (90) day filing period.  [Docket no. 1].

## 2. *Procedural Posture*

On January 20, 2021, Plaintiff filed an Amended Complaint in this court, alleging the following causes of action: (1) Gender Discrimination under Title VII of the Civil Rights Act of 1964, as amended; (2) Age Discrimination under the ADEA; (3) Retaliation under the ADEA and Title VII; (4) Employment Discrimination in violation of 42 U.S.C. § 1983[6]; (5) Wrongful Termination and Breach of Implied Contract; and (5) Denial of substantive and procedural due process rights under the Fourteenth Amendment[7] to the United States Constitution. [Docket no. 3].

As stated *supra*, On February 27, 2021, Defendants filed their Motion to Dismiss the Plaintiff's Amended Complaint in its entirety. Plaintiff filed his Response in Opposition on March 13, 2020. [Docket no. 27].  In his Response, Plaintiff agreed to dismiss the following claims: 1) all claims against the Individual Defendants; 2) his ADEA age discrimination claim; and 3) his 42 U.S.C. § 1983 claims.

---

[6] Section 1983 states in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West)

[7]Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. amend. XIV

On March 4, 2020, this court issued an order staying discovery in this case pending resolution of the subject motion to dismiss.

On September 2, 2021, this court held a motion hearing on the subject Motion to Dismiss. During the hearing, Plaintiff voluntarily dismissed his Breach of Implied Contract and Wrongful Termination claims.

The court itself made various findings: that Plaintiff's Constitutional Law claims, alleging violations of his due process rights under the Fourteenth Amendment, could not survive without the underlying § 1983 and State Law claims, which had been previously dismissed. This is so, reasoned the court, because the Fourteenth Amendment Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, 426 U.S. 341, 350 (1976). The Due Process Clause, instead, protects only against deprivations of constitutionally protected property interests that are "created and defined by understandings that stem from an independent source, such as state law." *Klinger v. Univ. of S. Miss*., 612 F. App'x 222, 227 (5th Cir. 2005).

Consequently, the only remaining causes of action before this court now are Plaintiff's Title VII claims of gender discrimination and retaliation.

3. *Plaintiff's Amended Complaint*

Plaintiff's Amended Complaint alleges the following pertinent facts in support of his claim of gender discrimination:

> 19. [D]efendant Caples informed Plaintiff that he [was] to take on…[additional] duties of [a] Prospect Research Specialist [and that] he was to perform the dual roles without any additional compensation or official title change… [while] upon [Plaintiff's] information and belief, no female employee in female's division was required to take on dual roles without additional compensation.
>
> 20. [P]laintiff and other male employees were denied or left out of opportunities to attend training, development, and conference events related to their job functions…[and] Plaintiff would often discover the female employees had received approval to attend these events [.]

6

25. Upon information and belief, [i]n the seven months [that] Plaintiff worked under the leadership of Defendant Veronica Cohen (July 2017- January 2018), only Black male employee[s] in the DIA were terminated. These include Plaintiff Litteton, 58, Jason Brookins, 50, and Joshua Cable, 40.

56. [D]efendant JSU engaged in actions such as refusing to update Plaintiff's job title, though it did so for similarly situated female employees in [the] Division of Institutional Advancement.

57. Defendant JSU increased Plaintiff's job responsibilities without providing additional compensation or title upgrade, something with was not done to similarly situated female employees in DIA.

58. Defendant JSU denied and/or left Plaintiff out of relevant training opportunities that were provided to similarly situated female employees.

60. After terminating Plaintiff, Defendant JSU promoted Renee Catchings, to Major/Annual Giving Specialist where she took some of Plaintiff's [Project Specialist] duties.

61. Upon information and belief, during her tenure at […] JSU, Vice President of Institutional Advancement, only terminated male employees, including Plaintiff, without cause.

40. On May 16, 2018, Littleton filed an employment application for the JSU Executive Director for the Development Foundation position…Defendant JSU never interviewed Plaintiff for this position.

41. [O]n or about September 17, 2018, JSU announced that a younger, female candidate, Kristie Lavee Brewer Kenney, had been chosen for the Executive Director position. Upon information and belief, Ms. Kenney was in her mid-forties and only had 5.5 years of experience in Institutional Advancement as compared to Plaintiff's more extensive experience…

As stated *supra*, Plaintiff did not include a charge of retaliation in his EEOC Charge. Plaintiff argues that this is so because the alleged retaliation occurred in September 2018, after EEOC already had begun its investigation into Plaintiff's claims. Plaintiff asserts that he "can show that he submitted documentation to the EEOC in September 2018 that raised…allegations of

7

retaliation by Defendant JSU as a result of his pursuing his age and gender discrimination claims." [Docket no. 28 at p. 8].

## II. JURISDICTION

Plaintiff has invoked the subject-matter jurisdiction of this court under Title 28 U.S.C. § 1331[8], often referred to as "federal question jurisdiction." Under federal question jurisdiction, this court has the power to exercise subject-matter jurisdiction over a lawsuit if a plaintiff alleges some claim or right arising under the United States Constitution or federal law.

Upon a review of the pleadings of the parties, this court finds it possesses federal question subject matter jurisdiction because Plaintiff's Amended Complaint asserts claims under the United States Constitution, the federal ADEA[9] statute, and under Title VII of the Civil Rights Act of 1964 ("Title VII").[10]

## III. STANDARD OF REVIEW

Motions to Dismiss filed under the auspices of Federal Rule of Civil Procedure 12(b)(6), such as the one before this court now, test the sufficiency of a plaintiff's complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face when "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

---

[8] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West).

[9] See Footnote 4.
[10] See Footnote 3.

This court must assume that well-pleaded, nonconclusory factual allegations are true, and then determine whether they plausibly give rise to relief. *Iqbal*, 556 U.S. at 680. The court must resolve all inferences in favor of the plaintiff and assume that all plausible facts contained in the complaint are true. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### IV.   DISCUSSION

#### 1.   *Gender Discrimination*

Title VII protects employees from discrimination based upon their race, color, religion, national origin, or sex[11]. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). In order to establish a *prima facie* case for discrimination under Title VII, the plaintiff must provide evidence that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in a case of alleged disparate treatment, he must show that others similarly situated were treated more favorably. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Where the plaintiff presents no direct evidence of race and sex discrimination, he must show such discrimination indirectly, or with circumstantial evidence. *Lawrence v. University of Texas Medical Branch at Galveston,* 163 F. 3d 309, 312 (5th Cir. 1999).

According to the Court of Appeals for the Fifth Circuit, plaintiffs need not plead a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss, although courts may consider the *McDonnell Douglas* framework in evaluating the sufficiency of the factual allegations contained in Title VII complaints. *Puente v. Ridge*, 324 Fed.Appx. 423, 427, 2009 WL

---

[11] See Footnote 5.

1311504, *3 (5th Cir.2009) (internal citations and quotations omitted). In any event, "no plaintiff is exempt from [his/her] obligation to allege facts sufficient to state all the elements of [a] claim." *Id.* at 428.

Plaintiff, at this juncture, has alleged sufficient facts to establish a claim for gender discrimination under Title VII. Plaintiff alleges he worked for JSU for nearly fifteen (15) years and received no negative performance reviews. Plaintiff's Amended Complaint alleges that he was denied job title upgrades and training opportunities that were afforded to similarly situated female employees. Plaintiff further alleges that his job duties were given to Renee Catchings, another similarly situated female employee, whose title was upgraded to "Major/Annual Giving Specialist." Plaintiff lastly argues that although he was more qualified for another position within his department, the subject position was granted to Ms. Kristee Kenney, another allegedly less experienced female employee.

Having determined that Plaintiff has submitted an adequate claim of gender discrimination, this court next examines whether Defendants have provided a legitimate, non-discriminatory reason for their alleged discriminatory action. The relevant inquiry before this court is not whether the employer's evaluations were wise or correct, but whether they were honestly held and free from discriminatory bias. *Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 142 (5th Cir. 1996). "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Disagreements over which applicant is more qualified are employment decisions not meant for a court to second guess. *See Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507–08 (5th Cir. 1988).

Although Defendants claim "department restructuring" as a possible defense to the alleged discriminatory conduct, Defendants have provided no evidence- no charts, budgets, affidavits- to support their statement. This court, therefore, must deny Defendants' motion to dismiss Plaintiff's gender discrimination claim at this juncture.

### 2. Retaliation

Title VII also protects an employee only from "retaliation for complaining about the types of discrimination it prohibits." *Brackens v. Stericycle, Inc*. 2020 WL 5807570 , at *3 (5th Cir. Sept 29, 2020)(internal citations omitted). The elements for a viable retaliation claim are: (1) that plaintiff engaged in a protected activity; (2) that there was an adverse employment action; (3) that a causal link existed between the protected activity and the adverse employment action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

Plaintiff asserts that his failure to "mark the [Retaliation] box" on his EEOC Charge should not be fatal to his retaliation claim; however, this court notes that Title VII's administrative exhaustion requirement is a precondition to filing suit. *Davis v. Fort Bend Cty*., 893 F.3d 300, 306 (5th Cir. 2018); *Davenport v. Edward D. Jones & Co., L.P*., 891 F.3d 162, 169 (5th Cir. 2018). Simply put, before a plaintiff can pursue a claim under Title VII in a federal court, such as this one, he first must exhaust his administrative remedies by filing an administrative charge with the EEOC. 42 U.S.C. § 2000e-5; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006). The "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta,* 448 F.3d 783, 788-89 (5th Cir. 2006), cert. denied, 549 U.S. 888, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006).

The Fifth Circuit has repeatedly trumpeted that "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco*, 448 F.3d at 788. That Court has further explained that any such civil action may extend as far as, but no farther than, the scope of the EEOC investigation which can **reasonably be expected to grow out of the charge of discrimination**. *Id*. (emphasis added)(internal citations omitted). See also *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 331 (5th Cir. 2014) (where employee's EEOC charge intake sheet included only details for a sexual harassment claim, subsequent claim for sex discrimination was precluded for failure to exhaust administrative remedies).

This court, by way of another example, looks to *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409 (5th Cir. 2007), where the Fifth Circuit held that a plaintiff had failed to exhaust her administrative remedies as to unequal pay claims since her EEOC charge had included only allegations of her employer's discrete acts in terminating her and failing to promote her. *Id*. In *Gates*, the plaintiff's charge of discrimination claimed discriminatory termination and failure to promote. *Id*. Gates filed suit and attempted to enlarge her claims by asserting claims for unequal pay, among other claims, in her Complaint. *Id*. The Fifth Circuit affirmed the district court's dismissal of plaintiff's claims of unequal pay and hostile work environment, finding plaintiff's "unequal pay claims could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay." See *Gates*, 227 F. App'x 409 (5th Cir. 2007).

This court is not inclined to dismiss Plaintiff's claims only because Plaintiff failed specifically to mention triggering formulaic word of "retaliation" in his EEOC Charge. See

12

*Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) ("To be clear, we do not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency."). This court is in lockstep with the reasoning of *Pacheco,* that the **substance** of an EEOC charge, not its form, is the key characteristic for analysis.

This court finds here that Plaintiff's retaliation claim could not reasonably have been expected to grow out of Plaintiff's original EEOC Charge based on an assessment of all pertinent facts of this case. Plaintiff alleges, in his Amended Complaint, that JSU retaliated against him by refusing to grant him an interview for the Executive Director position, for which Plaintiff applied on May 16, 2018. JSU's decision to hire a lesser-qualified female candidate on September 17, 2018, says Plaintiff, was retaliation for Plaintiff's decision to file his EEOC Charge on June 4, 2018.

While Plaintiff contends that he "can show that he submitted documentation to the EEOC" after the filing of his initial EEOC Charge, that "raised allegations of retaliation", such documents have not yet been made a part of this court's record. This court, then, cannot ascertain whether any documents were submitted to EEOC; if so, which documents were provided; or whether any such documents were submitted after JSU's alleged retaliatory conduct (hiring Kenney) on September 17, 2018.

The jurisprudence here is clear: where the EEOC Charge includes only details for one type of claim, subsequent claims are precluded for failure to exhaust administrative remedies. *Hague*, 560 F. App'x 328, 331. Plaintiff, therefore, is, precluded from seeking relief under the additional retaliation claim alleged in his Amended Complaint. This court, hence, hereby dismisses the Plaintiff's Title VII claim for retaliation.

## V. CONCLUSION

This court has carefully considered the submissions of the parties, the relevant law, and reached the conclusion that Defendants' *Motion to Dismiss Plaintiff's Complaint* **[Docket no. 24]** must be GRANTED IN PART and DENIED in PART.

IT IS THEREFORE ORDERED that the Defendants' motion to dismiss Plaintiff's Gender Discrimination Claim under Title VII hereby is DENIED.

IT IS FURTHER ORDERED that the Defendants' motion to dismiss Plaintiff's Title VII Retaliation claim hereby is GRANTED.

SO ORDERED, this the 29th day of September, 2021.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE